**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ELSIE E. DOMINGUEZ, Plaintiff, | ) | |
| v. | ) | Case No. 3:23-cv-22724-GC-JBD |
| UNITED STATES OF AMERICA, Defendant. | ) | |

I, Adam Calendrillo, do hereby state and declare that:

1. I am the Chief, Branch of Regulations, and Procedures for the Division of Federal Employees', Longshore and Harbor Workers' Compensation, Office of Workers' Compensation (OWCP), United States Department of Labor, and as part of my duties and responsibilities, I am familiar with OWCP's actions regarding claims for compensation under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq*.
2. I was provided and reviewed a copy of the Complaint filed in the United States District Court for the District of New Jersey by Plaintiff in the above-captioned matter.
3. I directed a search to be made of the records of OWCP; it disclosed that no claim for compensation pursuant to the FECA has been filed by Ms. Dominguez relating to the allegations referenced in the Complaint in the above-captioned matter.
4. I was asked to render an opinion concerning the question of whether the FECA would cover Ms. Dominguez's alleged injuries detailed in the Complaint.
5. I issued an opinion, a true and correct copy of which is attached hereto as Attachment A, which concluded that, based on the allegations made in the Complaint, there is a

substantial likelihood of FECA coverage for Ms. Dominguez's alleged injuries, which are alleged to be physical and emotional in nature, including mental anguish.

6. This opinion is based upon the assumption that all factual assertions in the Complaint provided to me are true and that no additional facts material to a determination on FECA coverage in this matter exist.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on February 8, 2024.

________________________________
Adam Calendrillo
Chief, Branch of Regulations and Procedures
OWCP FECA

**U.S. Department of Labor**

Office of Workers' Compensation Programs
Division of Federal Employees', Longshore and
Harbor Workers' Compensation
Washington, D.C. 20210

February 8, 2024

MEMORANDUM FOR: Michael A. DiLauro
Senior Admiralty Counsel
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
United States Department of Justice

FROM: Adam Calendrillo
Chief, Branch of Regulations, and Procedures for the Office of Workers' Compensation Programs, the Division of Federal Employees' Longshore and Harbor Workers' Compensation

SUBJECT: *Dominguez v. United States of America*,
Civil Action No. 23-22724 (D.N.J.)

---

This is in response to your request for an opinion regarding whether Elsie E. Dominguez, the plaintiff in the above-entitled matter, would be covered under the Federal Employees' Compensation Act (the "FECA") for emotional injuries resulting from an alleged sexual assault onboard the USNS Carson City. The opinion expressed herein is based upon the facts alleged in the Complaint, ECF No. 1, filed on November 29, 2023, in *Dominguez v. United States America*, Civ. A. No. 23-cv-22724 (D.N.J.). I received a copy of that Complaint and reviewed it for the purpose of providing this opinion. This opinion is based on the assumption that all factual statements in the Complaint are true and that no additional facts material to a determination of FECA coverage in this matter exist. An administrative adjudication of a claim for FECA compensation for injuries based on the events set forth in the Complaint could disclose different or additional facts that might substantially affect the ultimate determination of coverage in this matter.

## Factual Background[1]

The Complaint alleges that during the early morning hours of December 19, 2021, Ms. Dominguez, a civilian mariner employed by the U.S. Navy's Military Sealift Command as the 1st Assistant Engineer onboard the USNS Carson City, was allegedly raped in her stateroom by Captain Yamil Sanchez, Master of the Carson City (the "Captain"). *See* Compl., ECF No. 1 ¶ 1. Plaintiff alleges that on the prior evening, December 18, 2021, she went ashore with another crewmember to a bar in Brindisi, Italy, where they were joined by the ship's First Officer and the Captain. *Id*. ¶¶ 25, 27. According to the Complaint, the group ordered a round of shots, and Plaintiff alleges that her last recollection of events that occurred ashore that evening is of her taking a shot of liquor with her colleagues. *Id*. ¶¶ 27, 28. While she has no memory of returning to the USNS Carson City that evening, she later learned that the Chief Mate helped her back to the ship, where he and the Mate on Watch carried her to her stateroom, put her in her bed, closed her

---

[1] The facts set forth herein are taken solely from allegations in the Complaint.

stateroom door, and left her there. *Id*. ¶ 29. According to the Complaint, Plaintiff's next memory was of being raped by the Captain. *Id*. ¶ 33.

Ms. Dominguez seeks damages for physical and emotional injury, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of future wages and earning capacity, damage to her professional prospects and reputation and other harms and losses to be proven at trial. *Id.* ¶ 103.

**FECA Coverage Opinion**

Injuries sustained in the performance of federal employment are covered under the FECA. 5 U.S.C. § 8102. The FECA states that the United States shall provide compensation and medical services for injuries that federal employees sustain while in the performance of duty. 5 U.S.C. §§ 8102(a) & 8103(a). The FECA covers both the employment-related injury and every natural consequence that flows from that injury. *Debra L. Dillworth*, No. 05-159, 57 ECAB 516, 519, 2006 WL 1167790, at **2 (Mar. 17, 2006). The Employees' Compensation Appeals Board ("ECAB" or the "Board") has interpreted the statutory term "in the performance of duty" to be the equivalent of the commonly found prerequisite in general workers' compensation law, "arising out of and in the course of employment." *M.T.*, Docket No. 19-1546 (Mar. 5, 2020);[2] *Charles Crawford*, No. 88-1876, 40 ECAB 474, 476-77, 1989 WL 513692, at **3 (Jan. 31, 1989). Put differently, to fall within the scope of FECA, a federal employee must be engaged in his or her employer's business at a location where the individual is reasonably expected to be in connection with the employment and fulfilling employment duties or engaged in activities incidental to such duties. *D.C.*, ECAB Docket No. 18-1216 (Feb. 8, 2019); *Mary Keszler*, No. 87–232, 38 ECAB 735, 739, 1987 WL 119926, at **5-6 (Aug. 27, 1987).

In cases where an injury—be it physical or psychological—is the result of assault or harassment, the FECA applies when the injury arises out of an activity directly related to work or to the work environment. *See* DFEC Procedure Manual, Part 2—Adjudication of Claims, Assault Cases, Chapter 2-0804(10).[3] If the assault occurs outside of working hours, then the injury may still be compensable if it arose from reasons related to employment, which appears to be the case here. *Id*.

As a general matter, employees whose work entails travel away from their employers' premises are held to be within the course of their employment continuously during the trip. *See* A. Larson, *The Law of Workmen's Compensation* § 25.00 at 5-275 (1993). Accordingly, the Board has held that an employee in a travel status or on a special mission for his or her employer is under the protection of the FECA 24 hours a day with respect to any injury that results from activities incidental to such duties. *T.C.*, No. 16-1070, 2017 WL 976104 (ECAB Jan. 24, 2017); *Ann P. Drennan*, No. 94-2170, 47 ECAB 750, 1996 WL 1098721 (Aug. 27, 1996); *Janet Kidd* (James Kidd), No. 95-1977, 47 ECAB 670, 1996 WL 1098705 (July 17, 1996); *William K. O'Connor*, 4 ECAB 21 (1950). In other words, an employee on a special mission for his or her employer remains within the course of employment not only during his or her actual work time, but with respect to

---

[2] ECAB decisions are generally available at https://www.dol.gov/agencies/ecab/decisions.

[3] Available at https://www.dol.gov/agencies/owcp/FECA/regs/compliance/DFECfolio/FECA-PT2/group1#2080410.

all normal incidents of his or her trip. *See William K. O'Connor, supra*. Thus, injuries arising out of the need to stay at a hotel or eat in a restaurant away from home are compensable. *S.W.*, ECAB Docket No. 19-1447 (Apr. 24, 2020); *A.W.*, 59 ECAB 593 (2008).

Moreover, in a case with facts substantially similar to those at hand, the Board found that the claimant's injuries were sustained in the performance of duty. In *S.K.,* No. 18-1411, 2020 WL 5513626 (ECAB July 22, 2020), the claimant was allegedly drugged at a hotel bar, followed to her room, and sexually assaulted. At the time, she was in a travel status to attend an employment-related conference at a hotel. The Board held that due to her travel status the sexual assault occurred in the performance of duty.

Based on the Complaint, Ms. Dominguez's alleged sexual assault was sustained in the performance of duty. The alleged assault occurred in her stateroom, the location where she was reasonably expected to be sleeping on the ship. Compl., ECF No. 1, ¶¶ 32-38. Even though the alleged assault occurred sometime in the early morning hours while she was asleep, Ms. Dominguez was under the protection of the FECA 24 hours a day with respect to any injury incidental to her duties.

**Conclusion**

There is a substantial likelihood of FECA coverage for Ms. Dominguez's alleged injuries. This opinion is based on information that Ms. Dominguez presented in her Complaint, however, actual adjudication of the claim could reveal additional facts that affect a coverage decision.